IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**UNITED STATES**                                                                                                     **PLAINTIFF/RESPONDENT**

**V.**                                              **No. 13-40022**
                                                       **No. 16-04059**

**CHRISTOPHER DEMARKUS NARD**                              **DEFENDANT/PETITIONER**

<u>**REPORT and RECOMMENDATION**</u>

      Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255 (ECF No. 37) filed July 6, 2016. The United States was not ordered to file a Response.

**I. Background**

      The Petitioner was indicted on October 30, 2013 on the charge of possession of a firearm after having previously being convicted of a crime punishable by imprisonment exceeding one year.(Doc. 1) He entered a Plea of Guilty on August 15, 2014 (Doc. 23) pursuant to a Plea Agreement. (Doc. 24).

      A Presentence Investigation Report was filed on October 24, 2014. (Doc. 27) The Government filed Objections to the PSR on November 7, 2014 (Doc. 29) and the Defense filed objections on November 17, 2014. (Doc. 30). A Final PSR was issued by the Probation Office on November 26, 2014 (Doc. 31) which contained an Addendum explaining their reasons for agreeing with the Government's Objections and disagreeing with the Defense's Objections. (Doc. 31-1)

      On March 3, 2015 the Defendant was sentenced to Seventy-five (75) months

imprisonment with credit for time served. (Doc. 34). The Statement of Reasons, issued by the Court, reflects that the Court "granted a stipulation in the Plea Agreement that the Specific Offense Characteristic in Paragraph 28 did not apply. This reduced the Adjusted Offense Level in Paragraph 32 to 24. After acceptance of responsibility, the Total Offense Level in Paragraph 36 was reduced to 21." (Doc. 35, p. 1). No appeal was taken from the judgment.

On July 6, 2016 the Defendant filed the current Motion under 28 U.S.C. §2255 contending that: (A) his sentence was in "Violation of a New Substantive Rule of Constitutional Law Tha (sic) was Not available to the Petitioner at the time of Sentencing" and that his sentence was "Illegally Enhanced under the residual Clause, for a prior State of Texas felony conviction for mere possession of a Firearm" (Doc. 37, p. 4) and (B) that he received Ineffective Assistance of Counsel because his attorney "did not attempt to have erroneous information removed from the Petitioner's PSR." (Id., p. 5).

## II. Discussion

### A. Illegal Sentence

The Petitioner first contends that his sentence was illegally enhanced because of a "prior crime of Possession of a Firearm by a convicted Felon, in Bowie County, Texas." (Doc. 38, p. 3) The Petitioner argues that the United States Supreme Court Case of Johnson v. United States, which was decided in 2015, is dispositive of his claim.

In the Johnson case the Supreme Court, Justice Scalia, held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process, overruling *James v. U.S.*, 550 U.S. 192, 127 S.Ct. 1586, 167 L.Ed.2d 532, and *Sykes v. U.S.*,131 S.Ct. 2267, 180 L.Ed.2d 60, and abrogating *U.S. v.*

*White*, 571 F.3d 365, *U.S. v. Daye*, 571 F.3d 225, and *U.S. v. Johnson*, 616 F.3d 85. *See Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015).

Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. See § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment. See § 924(a)(2). But if the violator has three or more earlier convictions for a **"serious drug offense"** or a **"violent felony,"** the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1); *Johnson v. United States*, 559 U.S. 133, 136, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). The Act defines "violent felony" as follows:

> "any crime punishable by imprisonment for a term exceeding one year ... that—
> "(I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> "(ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**." § 924(e)(2)(B) (emphasis added).

The emphasized text is referred to as the residual clause and it is this clause that the Supreme Court declared unconstitutional.

In 2016 the court determined *Welch v. United States*. The Supreme Court, Justice Kennedy, held that Supreme Court's Johnson decision, which held that the definition of prior "violent felony" in the residual clause of the ACCA was unconstitutionally vague under due process principles, announced a substantive rule that applied retroactively on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016). Both Johnson and Welch delt with the ACCA and specifically with a determination of whether prior offenses constituted a "violent offense" under the residual clause.

The Defendant was not sentenced under the ACCA and the Johnson/Welch cases have no application here. The Defendant was charged with being a felon in possession of a firearm (Doc. 1) and the PSR assessed his Total Offense Level at 25 and his Criminal History Category at V. (Doc. 31, p. 14) The court refused to follow some of the findings in the PSR and assessed the Total Offense Level at 21 (Doc. 35, p. 1) and ultimately sentenced the Defendant to seventy-five (75) months in prison. (Doc. 34, p. 2). At no time did the ACCA come into play in the Defendant's sentence.

The Defendant argues in his Brief that his sentence was "unconstitutionally enhanced under Guideline 4B1.2's Residual Clause" (Doc. 38, p. 3). This section deals with Career Offenders.

The career offender provision of the Sentencing Guidelines provides for enhanced sentences for certain defendants who have two prior convictions for a "crime of violence" or "serious drug offense." U.S.S.G. § 4B1.1. The definition of "crime of violence" in § 4B1.2 contains a residual clause that is identical to ACCA's residual clause. See U.S.S.G. § 4B1.2(a)(2) (defining "crime of violence" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another"). Because that identical language is unconstitutionally vague under Johnson, it is certainly arguable a sentencing court may not classify a defendant as a career offender based on an offense that qualifies as a crime of violence under the residual clause.

Under section §4B1.1(b) a person who is classified as a Career Offender shall have a minimum criminal history of Category VI. The Court's statement of reasons show that the Defendant was Criminal History Category was V (Doc. 35, p. 1) and, therefore, the career

offender provision was neither requested in the PSR or utilized by the court at sentencing.

The Defendant's argument appears to concern his Criminal History computation for his conviction for Unlicensed Possession of a Firearm by Convicted Felon out of Bowie Texas in 2008. (Doc. 27, p. 9). The Defendant was arrested, convicted and sentenced to five years imprisonment in 2008 for being in possession of a loaded .25 caliber Raven piston located in his back pocket. (Doc. 27, p. 8) Since the Defendant was convicted of Delivery of a Controlled Substance in 2002 out of Bowie, Texas and sentenced to five years imprisonment the inclusion of the conviction and computation of the criminal history score was appropriate in the PSR. The Defendant's argument that the inclusion and computation violated Johnson v. United States is wholly without merit.

The PSR in this case has no enhancement for the career offender provision and the only enhancement was for a provision that provides for an enhancement when a firearm is used in connection with drug activity. (Doc. 31, p. 6, ¶28). The Defense specifically objected to this enhancement contending that the Plea Agreement provided that the "United States and the defendant agree and stipulate that the defendant did not use or possess a firearm or ammunition in connection with another felony offense for the purposes of U.S.S.G. §2K2.1(b)(6)(B). (Doc. 24, p.7, ¶10). The court agreed with the defense and did not consider this enhancement at sentencing which reduced his Total Offense Level to 21, a Criminal History of V and an Imprisonment Range of 70-87 months. (Doc. 35, p. 1).

Neither the ACCA nor Career Offender provision was utilized in the Defendant's sentence and Johnson/Welch has no application.

**B. Ineffective Assistance of Counsel**

In his 2255 Motion the Defendant states that his attorney "did not attempt to have erroneous information removed from the Petitioner's PSR" and that his attorney "coerced/forced the Petitioner to take a Plea." (Doc. 37, p. 5)

The Sixth Amendment of the Constitution of the United States affords a criminal defendant with the right to assistance of counsel. *U.S. Const. amend. VI.* The Supreme Court "has recognized that 'the right to counsel is the right to effective assistance of counsel.' " *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (citing *McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000);  2254. *Cox v. Wyrick,*  642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of counsel, the Defendant must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted.

Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective

assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense).

To satisfy this "prejudice" prong, Defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *U.S. v. Rice*, 449 F.3d 887 at 897 (internal quotations omitted). Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)). Additionally, actual prejudice does not exist where a petitioner, at best, suffers the mere possibility of prejudice. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996) (mere possibility does not equal actual prejudice). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999).

Also, to the extent that Petitioner's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997).

The Defendant contends his attorney was ineffective because his attorney "never discussed with the Petitioner the fact that the Petitioner was going to be subjected to a Illegal

Four (4) Level Enhancement Increase." (Doc. 38, p. 6).

As noted above the PSR did contain a four level enhancement because drug activity was associated with the firearm. (Doc. 31, p. 6)  The Defense specifically objected to this enhancement  contending that the Plea Agreement provided that the "United States and the defendant agree and stipulate that the defendant did not use or possess a firearm or ammunition in connection with another felony offense for the purposes of U.S.S.G. §2K2.1(b)(6)(B). (Doc. 24, p.7, ¶10).  The court agreed with the defense and did not consider this enhancement at sentencing which reduced his Total Offense Level to 21, a Criminal History of V and an Imprisonment Range of 70-87 months.  (Doc. 35, p. 1). The Defendant did not suffer any prejudice because the court did not consider the enhancement in its sentencing.

For the reasons stated above the Defendant's claims have no merit and it would have been an exercise in futility for his attorney to challenge the inclusion of the 2007 Texas conviction for Unlicensed Possession of a Firearm.  It cannot be ineffective assistance not to raise a meritless argument. *Larson v. U.S.*  905 F.2d 218, 219 (C.A.8 (Minn.),1990). See *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir.1999) ("An attorney's failure to raise a meritless argument .. cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

The Defendant also argues that his plea was coerced because if he refused to plea he was facing a "superceded indictment". (Doc. 38, p. 7).  The Supreme Court has repeatedly emphasized that the effectiveness of legal representation afforded criminal defendants is to be appraised by normative legal standards which, when applied in a specific factual context, yield a resolution concerning whether a particular defendant received constitutionally adequate

assistance of counsel. *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). In the guilty plea context, a lawyer need not give wholly accurate advice in order to render effective assistance; he need not correctly predict the admissibility of evidence or anticipate future judicial holdings. His advice, however, must be "within the range of competence demanded of attorneys in criminal cases." [FN7] *McMann*, supra, at 770-71, 90 S.Ct. at 1449. *U. S. ex rel. Healey v. Cannon* 553 F.2d 1052, 1057 (C.A.Ill. 1977).

As a result of a drug trafficking investigation the police stopped the Defendant, arrested him and searched his motel room where a loaded .25 cal pistol was located. The Defendant gave a statement to the police that the weapon was his. (Doc. 24, p. 4) Based upon the facts set forth in the plea agreement it certainly would have been possible for a superceding indictment to have been filed and the Defendant has not set forth any facts to explain how his plea was coerced and not voluntary.

The Plea Agreement provided that the Defendant was satisfied with his attorney and that he entered his plea "freely, voluntarily, and without reservation and the defendant's desire to enter a plea of guilty is not the result of threats or coercion directed at the defendant or anyone connected the defendant." (Doc. 24, p. 12, ¶24). The Defendant voiced no objections at the time of plea and an accused's representations during plea-taking, such as those concerning the voluntariness of the plea, carry a strong presumption of veracity. *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997). Where the defendant states at the sentencing hearing that he understood the negotiated plea and that there were no promises other than the plea agreement,

*Pennington v. Housewright,* 666 F.2d 329, 332 (8th Cir. 1981), cert. denied, -- U.S. --, 102 S.Ct. 1775, 72 L.Ed.2d 178 (1982), the plea will not be set aside as involuntary. *Hollis v. U.S.* 687 F.2d 257, 260 (C.A.Mo., 1982).

There is no basis for the claim that his attorney was ineffective.

## C.  Statute of Limitations

Notwithstanding the above the Defendant's motion is beyond the statutory time for filing. A one-year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255.

The Defendant's conviction became final on March 17, 2015, when 14 days passed after entry of his Judgment without filing an appeal. See Fed. R.App. P. 4(b)(1)(A) (indicating a defendant in a criminal case has 14 days to file a notice of appeal). The present Motion, filed July 6, 2016, falls outside of the one-year period as Defendant had until March 17, 2016, one year after the date his conviction became final, to present a timely motion.

The Defendant seeks to avoid the limitations period by contending that the Supreme Court has announced a new rule of constitutional law in *Johnson v. United States* made retroactive in *Welch v. United States*. As the court has pointed out above, however, the Johnson

Page -10-

case has no application to the Defendant's case and therefore his action is barred unless he can establish equitable tolling applies.

A prisoner whose petition is belatedly filed may take advantage of equitable tolling where extraordinary circumstances beyond his control make it impossible for him to file a petition on time or when the action of the respondent lulled him into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8thCir. 2001). In general, neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. *Turner v. Johnson*, 177F.3d 390, 392 (5th Cir. 1999). See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000, cert. denied, 534 U.S. 863 (2001) (equitable tolling not warranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources). In addition "[i]neffective assistance of counsel generally does not warrant equitable tolling." *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir.2002). The Petitioner has not asserted any such grounds as the basis for his failure to properly file the petition.

**D. Certificate of Appealability**

When the district court has denied a motion under 28 U.S.C. § 2255, the movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d

565, 569 (8th Cir.1997). In this case the Defendant has not made a substantial showing of the denial of a constitutional right. Accordingly, this Court should deny any request for a certificate of appealability.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be **DISMISSED with PREJUDICE**.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED  July 29, 2016.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE