IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CHRISTOPHER DEMARKUS NARD					PETITIONER

v.				Case No. 4:13-cr-40022
				Case No. 4:16-cv-4059

UNITED STATES OF AMERICA					RESPONDENT

## ORDER

Before the Court is the Report and Recommendation filed July 29, 2016, by the Honorable James. R. Marschewski, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 39). Judge Marschewski recommends that the Court deny Petitioner Christopher Demarkus Nard's Motion Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (ECF No. 37). Petitioner has filed objections. (ECF No. 42). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On October 30, 2013, Petitioner was named in a one-count Indictment filed in the Western District of Arkansas, El Dorado Division. The Indictment charged Petitioner with knowingly possessing a firearm after having been previously convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On August 15, 2014, Petitioner entered a plea of guilty pursuant to a plea agreement. On March 3, 2015, the Court sentenced Defendant to seventy-five months' imprisonment, with credit for time served; three years' supervised release; and a $100 special assessment. Petitioner did not appeal the judgment.

On July 6, 2016, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255. (ECF No. 37). Petitioner contends that his sentence should be vacated because it was improperly enhanced under the United States Sentencing Guidelines' ("USSG") "residual clause" because of

a "prior crime of Possession of a Firearm by a convicted Felon, in Bowie County, Texas." (ECF No. 38). Specifically, Petitioner argues that this enhancement violates *Johnson v. United States*, 135 S. Ct. 2551 (2015), which was made retroactive after his sentencing. Petitioner also argues that his sentence should be vacated because he received ineffective assistance of counsel. Specifically, he contends that his counsel: (1) failed to give him a copy of his presentence report; (2) told him that he would receive a lesser sentence if he pled guilty; (3) did not accurately express to him that he would be subjected to a four-level enhancement of his Base Offense Level; and (4) coerced him into signing a plea agreement by telling him that if he refused to accept the plea agreement, the government would file a Superseded Indictment against him.

On July 29, 2016, Judge Marschewski issued the instant Report and Recommendation. Judge Marschewski recommends that the Court deny Petitioner's motion to vacate and refuse to issue a certificate of appealability. Specifically, Judge Marschewki finds that Petitioner's motion to vacate is time-barred, as it was filed more than a year after his judgment of conviction became final, and that Petitioner has not demonstrated that equitable tolling applies to extend the time to file the motion. Judge Marschewski also finds that, assuming *arguendo* that the motion is timely, Petitioner's claims are meritless. Judge Marschewski finds that Petitioner's sentence was not illegally calculated because *Johnson* does not apply to this case because Petitioner was not sentenced under the Armed Career Criminal Act's residual clause. Similarly, Judge Marschewski finds that Petitioner was not sentenced under the USSG's career offender provision, 4B1.1. Judge Marschewski also finds that Petitioner's ineffective-assistance-of-counsel claims fail because he failed to demonstrate that he received deficient performance from his counsel that caused him prejudice. Accordingly, Judge Marschewski recommends that the Court deny the motion to vacate and that no certificate of appealability should issue because Petitioner has not made a substantial showing of the denial of a constitutional right.

2

On October 24, 2016, Petitioner filed objections to the Report and Recommendation. Pursuant to 28 U.S.C. § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Petitioner's specific objections.

## II. DISCUSSION

Petitioner objects to Judge Marschewski's findings that: (1) Petitioner's motion to vacate is time-barred; (2) his claim that his sentence was illegally enhanced in light of *Johnson* fails; and (3) his ineffective-assistance-of-counsel claims fail. The Court will first address Petitioner's objections regarding timeliness and, if necessary, the Court will then take up Petitioner's remaining objections.

### A. Timeliness

Petitioner objects to Judge Marschewski's finding that his motion is time-barred. Petitioner states that *Johnson v. United States* issued a new substantive rule of constitutional law that was made retroactive by *Welch v. United States*, 136 S. Ct. 1257 (2016). Petitioner argues that both *Johnson* and *Welch* deal with the definition of "violent felony" and/or "crime of violence," and as such, these decisions were not available to him at the time of his sentencing. Therefore, Petitioner argues that his motion is timely because it was filed within one year of the date that the right asserted was initially recognized by the Supreme Court.

Judge Marschewski's Report and Recommendation addressed this argument, analyzing the the applicability of *Johnson* and *Welch* to the case at bar and finding that neither applied. *Johnson* and *Welch* dealt with whether the Armed Career Criminal Act's "residual clause," found at 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague, in violation of due-process requirements. Petitioner's sentence was not calculated under 18 U.S.C. § 924(e)(2)(B)(ii). Therefore, Judge Marschewski found that neither *Johnson* nor *Welch* apply to Petitioner, and as such, the one-year statute of limitations for section 2255 motions began to run on March 17, 2015, the date the

3

judgment of conviction became final. Judge Marschewski found further that Petitioner's motion, filed on July 6, 2016, fell outside the one-year statute of limitations and, thus, the motion is time-barred unless he could establish that equitable tolling applies, which Judge Marschewski concluded that Petitioner had not done.

Upon consideration, the Court finds that Petitioner's objections offer neither law nor fact which would cause the Court to deviate from Judge Marschewski's Report and Recommendation. Petitioner was not sentenced under the Armed Career Criminal Act's "residual clause," and as such, *Johnson* and *Welch* have no applicability here. Petitioner's motion was filed more than one year after his judgment of conviction became final. Thus, Petitioner's motion to vacate is untimely unless equitable tolling applies. Petitioner has not argued that equitable tolling applies in this instance and the Court finds that he has failed to establish the applicability of equitable tolling.

Therefore, in light of the facts that Petitioner filed the instant motion more than one year after his conviction became final and that *Johnson* and *Welch* are inapplicable, the Court finds that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 39) should be dismissed as time-barred. Accordingly, the Court need not reach the merits of Petitioner's motion.

### B. Certificate of Appealability

Judge Marschewski recommends that a certificate of appealability should not be issued in this instance because Petitioner has failed to make a substantial showing of the denial of a constitutional right. For the following reasons, the Court agrees.

The issuance of a certificate of appealability is only appropriate in a section 2255 proceeding when a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. When a court denies a section 2255 petition on procedural grounds, as is the case here, the petitioner can make a "substantial showing" of the denial of a constitutional right if

he demonstrates: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has offered no argument as to either requirement outlined in *Slack*. Accordingly, without deciding the issue of whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," the Court finds that no reasonable jurist would find it debatable that the instant motion is time-barred. Therefore, because Petitioner has not shown that both requirements are satisfied, the Court concludes that no certificate of appealability should be issued.

### III. CONCLUSION

For the foregoing reasons and upon *de novo* review, the Court hereby overrules Petitioner's objections and adopts the Report and Recommendation (ECF No. 39) insofar as it recommends a finding that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 37) should be denied as time-barred and that no certificate of appealability should be issued. Therefore, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 37) is hereby **DENIED**. The Court further orders that no certificate of appealability be issued in this matter.

**IT IS SO ORDERED**, this 16th day of May, 2018.

/s/ Harry F. Barnes
Harry F. Barnes
United States District Judge